| | |
|---|---|
| Joseph M.R. Covey (7492) <br> David C. Reymann (8495) <br> Kade N. Olsen (17775) <br> Carissa A. Uresk (18114) <br> **PARR BROWN GEE & LOVELESS** <br> 101 South 200 East, Suite 700 <br> Salt Lake City, Utah 84111 <br> (801) 532-7840 <br> dreymann@parrbrown.com <br> kolsen@parrbrown.com <br> curesk@parrbrown.com <br><br> *For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P. | Brennan Moss (10267) <br> **PARKINSON BENSON POTTER LLP** <br> 2750 Rasmussen Rd, Suite H-107 <br> Park City, Utah 84098 <br> (801) 401-1608 <br> brennan@pbplaw.com <br><br> *For defendants*: Brad Bonham, MB & BB Holdings, LLC, and Matt Davis |

## UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WALKER EDISON FURNITURE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; | Case No. _____ |

1

|  |  |
|---|---|
| AND DOES 1-100, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| and | ) |
| | ) |
| BLUE OWL CAPITAL CORP. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BRAD BONHAM; MB & BB HOLDINGS, LLC; MATT DAVIS; WALKER EDISON HOLDING COMPANY, LLC; PROSPECT HILL GROWTH PARTNERS, L.P.; JWC-WE HOLDCO, LLC; JWC-WE HOLDINGS, L.P.; PROSPECT HILL GROWTH FUND II, L.P.; PROSPECT HILL GROWTH FUND II CO-INVEST, L.P.; PHIL DAMIANO; KEN MURPHY; ADAM SUTTIN; KYLE CASELLA; DAVID FIORENTINO; AND DOES 1-100, | ) |
| Defendants. | ) |

TO: THE HONORABLE JUDGES OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

1. PLEASE TAKE NOTICE THAT Defendants Brad Bonham, MB & BB Holdings, LLC, Matt Davis, Walker Edison Holding Company, LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, JWC-WE Holdings, L.P., Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, and Ken Murphy ("Defendants"), remove, with reservation of all defenses, *Walker Edison Furniture Company* v. *Brad Bonham, et al.*, Case No. 230902160, and *Blue Owl Capital*

2

*Corporation* v. *Brad Bonham, et al.*, Case No. 240903251, filed in the Third Judicial District Court in and for Salt Lake County and consolidated for pre-trial purposes as Consolidated Case No. 230902160 (the "Utah Litigations"), to the United States Bankruptcy Court for the District of Utah pursuant to 28 U.S.C. §§ 1441(a), 1452, 1331, 1334, and 1367(a).  Consent of all Defendants is not required under 28 U.S.C. § 1446(b)(2)(A) because the Utah Litigations are not removed solely under section 1441(a).  Nonetheless, all Defendants consent to the removal of the Utah Litigations to this Court and join in this notice of removal (the "Notice of Removal" or "Notice").

In support of removal, Defendants state as follows:

## INTRODUCTION

2. Defendants are removing two actions from state court to federal court, one brought by Walker Edison Furniture Company, LLC ("Walker Edison") and one brought by Blue Owl Capital Corporation ("Blue Owl"), against the same Defendants and arising from the same underlying events.  In March 2021, Walker Edison entered into a loan agreement in which lenders provided $300 million in secured loans, $210 million of which was used to fund dividends that were allegedly received by Defendants.  Plaintiffs in the two complaints[1] allege several causes of action, all of which reduce to the core contention that Walker Edison was insolvent at the time that it borrowed the money and paid the dividend, and that its then-existing balance sheet and projections were false and misleading.

---

[1] The operative complaints are *Walker Edison Furniture Company, LLC* v. *Bonham et al.*, Civil Case No. 230902160, Amended Complaint (May 8, 2023) (the "Walker Edison Complaint") and *Blue Owl Capital Corp.* v. *Bonham et al.*, Civil Case No. 240903251, Amended Complaint (July 12, 2024) (the "Blue Owl Complaint").

3

3.     On August 28, 2025, Plaintiff Walker Edison, along with related entities ("Debtors") filed voluntary chapter 11 petitions in the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court" and the underlying cases, collectively, the "Bankruptcy Case"). *See In re Walker Edison Holdco, LLC*, Case No. 25-11602-TMH. In their initial filings in the Bankruptcy Court, the Debtors claimed that these Utah Litigations constitute "the estate's most valuable asset," and are seeking to structure the Bankruptcy Case around these claims, including arranging special DIP financing to prosecute them and seeking an order of the Bankruptcy Court clarifying the extent of the automatic stay concerning the Utah Litigations. First Day Decl. (Dkt. No. 2), at ¶ 39. The Debtors also acknowledged in their first day filings that two of the claims asserted in the Blue Owl Complaint for actual fraudulent transfer and constructive fraudulent transfer are property of the Debtors' estate pursuant to Section 544(b) of the Bankruptcy Code, and so those claims will necessitate modifications to the pleadings to reflect the Debtors' assumption of control over those claims. Mot. for Clarification of Stay, at ¶¶ 6–7.

4.     The commencement of the Bankruptcy Case gives rise to federal subject matter jurisdiction for both complaints, making removal proper on several independent grounds.

5.     Removal is proper under Section 1452(b) because there is subject matter jurisdiction over the Utah Litigations pursuant to Sections 1334(b) and 1334(e). Both removed cases constitute "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Both removed cases contain claims that are "property . . . of the debtor" or "property of the estate" and, accordingly, there is exclusive jurisdiction over those claims. 28 U.S.C. § 1334(e). The Utah Litigations are therefore subject to removal under 28

4

U.S.C. § 1452(a) ("A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334.").

6. Removal is also appropriate under Section 1441(a), which authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

7. Finally, to the extent any claim in either case is not independently subject to removal, removal is nevertheless authorized pursuant to 28 U.S.C. § 1367(a), which states that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

8. For all the foregoing reasons, removal is authorized and this action is properly removed to federal court.[2]

## BACKGROUND

9. Walker Edison is an online furniture company founded in 2006 by Defendants Brad Bonham and Matt Davis (the "Founders"). In 2018, the other Defendants acquired a controlling stake in Walker Edison, and the Founders retained a minority. After years of growth, on March 31, 2021, Blue Owl entered into a $300 million secured term loan with Walker Edison to expressly fund $210 million in dividends to equity holders (the "Dividend Recapitalization").

---

[2] Original jurisdiction in and removal to this Court is proper. Contemporaneously herewith, the Defendants have filed a motion to transfer both cases to the Bankruptcy Court in Delaware, which is where the Debtors' chapter 11 cases are pending.

5

Other institutional lenders participated in the original facility and/or subsequently acquired loans from Blue Owl.

10. Walker Edison's business subsequently suffered, and in March 2023 its equity owners consummated an out-of-court transaction in which they transitioned ownership of Walker Edison and its affiliates to Blue Owl and other lenders. Those lenders now indirectly own Walker Edison through their ownership of Walker Edison Holdco LLC, also a Debtor in the Bankruptcy Case.

11. After Blue Owl and the other lenders assumed control of Walker Edison, on March 30, 2023, Walker Edison sued Defendants. The complaint was subsequently amended, and the operative pleading alleges wrongful distribution (count I), actual and constructive fraudulent transfers (counts II and III), breach of fiduciary duty and aiding and abetting breach of fiduciary duty (counts IV and VI), breach of the implied covenant of good faith and faith dealing (count V), civil conspiracy (count VII), and unjust enrichment (count VIII), all arising from the decision to authorize the Dividend Recapitalization. Walker Edison alleges it was insolvent when the Dividend Recapitalization was consummated, thereby violating Section 48-3a-406 of the Utah LLC Act regarding payment of dividends. Walker Edison alleges fraudulent transfer claims to recover proceeds of the Dividend Recapitalization. Walker Edison's remaining claims—breach of fiduciary duties, aiding and abetting breach of fiduciary duties, beach of implied covenant of good faith and fair dealing, civil conspiracy, and unjust enrichment—are premised on Defendants' decision to cause Walker Edison to assume debt and do the Dividend Recapitalization.

12. On April 24, 2024, Blue Owl filed a complaint against Defendants both based on its status as a lender and on behalf of other lenders that allegedly assigned claims to Blue Owl to pursue. The complaint was subsequently amended, and the operative pleading alleges that the Dividend Recapitalization was an actual and constructive fraudulent transfer because Walker Edison was allegedly insolvent when the dividend was paid (counts I and II). The Blue Owl Complaint also alleges fraud, aiding and abetting fraud, civil conspiracy, and unjust enrichment based on allegations that Walker Edison and its principals made misrepresentations regarding Walker Edison's financial condition at the time of the Dividend Recapitalization that purportedly concealed its insolvent financial condition.

13. On August 28, 2025, Walker Edison and its affiliated debtors in possession filed chapter 11 petitions in the Bankruptcy Court. The Debtors' first day motions filed in the Bankruptcy Case allege that the potential proceeds from the Utah Litigations are "the estate's most valuable asset." First Day Decl., at ¶ 39. Blue Owl and the other lenders, whose claims the Debtors are now funding, are also providing the Debtors with a specific debtor-in-possession loan facility for the sole purpose of funding the Utah Litigations.

14. The Debtors' first day papers also state that, pursuant to Section 544(b) of the Bankruptcy Code, "at least Counts I [constructive fraudulent transfer] and II [actual fraudulent transfer] in the Lender [Blue Owl's] Utah Litigation are now property of the estates" and "any recovery on those claims would inure to the benefit of all creditors of the Debtors." Mot. for Clarification of Stay, at ¶ 6. The Debtors state that "Gibson Dunn intends to file a motion on [Walker Edison's] behalf to substitute it as plaintiff or, in the alternative, intervene on behalf of the Debtors in the Utah Court to protect and prosecute Counts I and II of the Lender Utah

7

Litigation on behalf of the Debtors for the benefit of all creditors." *Id*. at ¶ 7. This motion has not yet been filed.

15. The Debtors also filed in the Bankruptcy Court a motion for interim and final approval of an order "seeking clarification that the automatic stay does not apply to the prosecution of the Utah Litigations or, alternatively, to modify the automatic stay to permit the Utah Litigations to continue during the pendency of the Chapter 11 Cases for the benefit of the estates." First Day Decl., at ¶ 15. This interim order was approved by the Bankruptcy Court and entered on September 2, 2025, and is set for a final hearing on September 23, 2025. *See* Interim Order at Dkt. No. 49; *see* Notice of Final Hearing at Dkt. No. 54.

## TIMELINESS OF REMOVAL

16. The Bankruptcy Case was filed 12 days ago, on August 28, 2025. This Notice of Removal is timely.

17. This Notice of Removal is timely pursuant to Bankruptcy Rule 9027(a)(2)(A)-(C). Rule 9027(a)(2) governs the timing of removal pursuant to Section 1452 where "the claim was filed before the bankruptcy case is commenced." (cleaned up). That provision states that the notice of removal must be filed:

> within the longest of these periods: (A) 90 days after the order for relief in the bankruptcy case; (B) if the claim or cause of action has been stayed under §362, 30 days after an order terminating the stay is entered; or (C) in a Chapter 11 case, 30 days after a trustee qualifies—but no later than 180 days after the order for relief.

Bankruptcy Rule 9027(a)(2)(A)-(C).

18. This Notice of Removal is also timely under 28 U.S.C. § 1446(b)(3), which requires a notice to be filed fewer than 30 days after receipt by the defendant of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The filing of the Bankruptcy Case, on August 28, 2025, less than 30 days ago, made it ascertainable that the Utah Litigations are removable.

## GROUNDS FOR REMOVAL

19. In order to remove a case from state to a federal court, a defendant must only file in the federal forum a "'short and plain statement of the grounds for removal'. . . . A statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co.* v. *Owens*, 574 U.S. 81, 83–84 (2014) (citing 28 U.S.C. § 1446(a)).

20. This case is removable pursuant to both § 1452 and 28 U.S.C. § 1441(a).

21. Section 1452 provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Federal district courts "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). 28 U.S.C. § 1334(e) states: "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction . . . of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." Because this Court has bankruptcy jurisdiction over the case pursuant to Section 1334, the case is removable.

22. Section 1441(a) provides a separate, independent ground for removal. *See Things Remembered, Inc.* v. *Petrarca*, 516 U.S. 124, 128–129 (1995) ("There is no express indication in

9

§ 1452 that Congress intended that statute to be the exclusive provision governing removals and remands in bankruptcy."). It states that any "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" unless Congress has expressly provided otherwise. 28 U.S.C. § 1441(a). Federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because this Court has federal-question jurisdiction over the case pursuant to Section 1331, the case is removable.

23.   Should Plaintiffs challenge this Court's jurisdiction, Defendants reserve the right to assert further grounds in support of removal in addition to those specified in this Notice.

## I.   REMOVAL UNDER SECTION 1452 IS PROPER BECAUSE THIS COURT HAS BANKRUPTCY JURISDICTION UNDER SECTIONS 1334(b) AND 1334(e)

24.   Removal is proper because Section 1334(b) creates jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

25.   Actions arising in or under a title 11 proceeding are "core proceedings" under the Bankruptcy Code. *Stern* v. *Marshall*, 564 U.S. 462, 477 (2011); *In re Robert Plan Corp.*, 777 F.3d 594, 596 (2d Cir. 2015). 28 U.S.C. § 157 provides a non-exhaustive list of actions that constitute "core proceedings." *See, e.g.*, *Sabre Techs., L.P.* v. *TSM Skyline Exhibits, Inc.*, 2008 WL 4330897, at *2–3 (S.D. Tex. Sept. 18, 2008); *In re Fulda Indep. Co-op.*, 130 B.R. 967, 972 (Bankr. D. Minn. 1991). 28 U.S.C. § 157(b)(2)(H) categorizes as "core proceedings" "proceedings to determine, avoid, or recover fraudulent conveyances." Actions are also "core" when they are "inextricably intertwined" to other core proceedings. *See In re Bruecks*, 653 B.R.

10

187, 191 (Bankr. W.D. Okla. 2023); *In re CBI Holding Co.*, 529 F.3d 432, 461–62 (2d Cir. 2008).

26. This Court has jurisdiction over the Walker Edison and Blue Owl Complaints under Section 1334(b) because the Walker Edison and Blue Owl Complaints each assert fraudulent transfer claims, which are "core proceedings" under Section 157. The other claims are inextricably intertwined with the fraudulent transfer claims and therefore are also core proceedings. All of the claims are central to the administration of the Bankruptcy Case given the assertion that it is the estate's most valuable asset, that DIP financing has been arranged specifically to prosecute the Utah Litigations, and that the Debtors have already, in the nascent stages of the bankruptcy cases, asked for clarification of the automatic stay.

27. There is also jurisdiction over the Blue Owl Complaint under Sections 1334(b) and 1334(e) because that Complaint asserts claims that are now property of the Debtors' estate. The Debtors state that "at least Counts I [constructive fraudulent transfer] and II [actual fraudulent transfer] in the Lender [Blue Owl's] Utah Litigation are now property of the estates" and "any recovery on those claims would inure to the benefit of all creditors of the Debtors." Mot. for Clarification of Stay (Dkt. No. 14), at ¶ 6. "A proceeding 'arises under' the Bankruptcy Code if it asserts a cause of action created by the Code." *In re Midgard Corp.,* 204 B.R. 764, 771 (B.A.P. 10th Cir. 1997). The Walker Edison and Blue Owl proceedings arise "under title 11" because the Bankruptcy Code allows the trustee to assert the claims of an individual creditor to avoid fraudulent transfers for the benefit of all creditors. *See, e.g.*, *Buncher Co.* v. *Official Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 250 (3d Cir. 2000); *Rahl* v. *Bande*, 316 B.R. 127, 131–132 (S.D.N.Y. 2004). The other claims are inextricably

intertwined with the fraudulent transfer claims and therefore are also core proceedings. All of the claims are central to the administration of the Bankruptcy Case for the reasons set forth above.

28. Because at least Counts I and II of the Blue Owl Complaint are clearly property of the Debtors' estates, the Bankruptcy Court has "exclusive jurisdiction" over those claims, as well as all claims asserted in the Walker Edison Complaint under 28 U.S.C. § 1334(e)(1).

29. All of Walker Edison and Blue Owl's claims "relate to" Walker Edison's bankruptcy under Section 1334(b) because they are seeking creditor recoveries that "could conceivably have any effect on the estate being administered in bankruptcy." *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990).

II. **REMOVAL IS PROPER UNDER SECTION 1441 BECAUSE THIS COURT HAS FEDERAL-QUESTION JURISDICTION UNDER SECTION 1331**.

30. 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

31. At least Counts I and II of the Blue Owl Complaint are now property of the estate and therefore arise under title 11 of the United State Code. Accordingly, because at least one claim arises under federal law, the Utah Litigations are removable pursuant to sections 1441 and 1331. *See Rahl*, 316 B.R. at 131–32, 137.

III. **THIS COURT MAY EXERCISE SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIM FOR WHICH IT LACKS JURISDICTION**

32. For the reasons above, there is federal subject matter jurisdiction for all claims, and all claims in both cases are independently removable. To the extent it is ever determined

that any claim is not subject to federal subject matter jurisdiction, the claim would nevertheless be removable as an exercise of supplemental jurisdiction in federal court.

33. 28 U.S.C. § 1367(a) states that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The U.S. Supreme Court has held that federal courts may exercise supplemental jurisdiction over "state law claims that 'derive from a common nucleus of operative fact.'" *City of Chicago* v. *International College of Surgeons*, 522 U.S. 156, 164–65 (1997) (quoting *United Mine Workers* v. *Gibbs*, 383 U.S. 715, 725 (1966)). Because the Court has jurisdiction over at least one claim asserted by Blue Owl under Section 1331 or 1334, the Court may exercise supplemental jurisdiction over the remaining claims since they are all fundamentally premised on the same purported facts and allegations. The same is true for the Walker Edison claims.

## **VENUE**

34. The United States District Court for the District of Utah is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1452 because it embraces the place where Plaintiffs originally filed this case, in the Third Judicial District Court in and for Salt Lake County. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1452; 28 U.S.C. § 1446(a).

35. Venue is proper in the District of Utah pursuant to 28 U.S.C. §§ 1391(b)(2) and 1446(a).

## **FILING OF NOTICE OF REMOVAL**

36.　Pursuant to 28 U.S.C. § 1446(d), the filing of a copy of this Notice of Removal with the clerk of the State court effects the removal of the State court action. We will file with this Court a copy of the Notice of Filing of Notice of Removal, to be filed in the State-court action.

37.　Pursuant to DUCivR 83-6.2, Defendants filed this Notice of Removal with the clerk for the United States Bankruptcy Court for the District of Utah.

38.　Pursuant to DUCivR 81-1(b)(1) and attached as Exhibit 1 is a copy of the operative Walker Edison and Blue Owl Complaints.

39.　Pursuant to DUCivR 81-1(b)(2) and attached as Exhibit 2 is a copy of the State court docket sheet.

40.　Pursuant to DUCivR 81-1(b)(3) and attached as Exhibit 3 is a copy of the operative State court scheduling order.

41.　Pursuant to DUCivR 81-1(b)(4) and attached as Exhibit 4 is "a single attachment containing all pleadings, motions, orders, and other relevant filings, organized in chronological order by the state court filing date, and if applicable, consistent with DUCivR 5-2 and 5-3." DUCivR 81-1(b)(4).

42.　Pursuant to DUCivR 81-1(a)(1)(C), Defendants certify that "a copy of all processes, pleadings, and orders served on the removing party are filed in the federal case as required by this rule and 28 U.S.C. § 1446(a), and as permitted by 28 U.S.C. § 1447."

## NO WAIVER

43. No waiver, and no admission of fact, law, or liability, including, without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are reserved.

## UNANIMITY

44. All Defendants have consented to removal of this action.

## CONSENT TO ORDERS OF THE BANKRUPTCY COURT

45. All Defendants consent to the entry of final orders or any judgment by a bankruptcy court on any core or non-core claims.

## CONCLUSION

For the reasons set forth above, Defendants remove this action to the United States Bankruptcy Court for the District of Utah.

Dated:  September 9, 2025

Respectfully submitted,

| **PARR BROWN GEE & LOVELESS** | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
|---|---|
| /s/ Joseph M.R. Covey | /s/ William Clareman |
| Joseph M.R. Covey | William Clareman * |
| David C. Reymann | Geoffrey Chepiga* |
| Kade N. Olsen | Adam Savitt* |
| Carissa A. Uresk | Vida Robinson* |
| | |
| 101 South 200 East, Suite 700 | 1285 Avenue of the Americas |
| Salt Lake City, Utah 84111 | New York, New York 10019 |
| (801) 532-7840 | (212) 373-3000 |
| dreymann@parrbrown.com | gchepiga@paulweiss.com |
| kolsen@parrbrown.com | wclareman@paulweiss.com |
| curesk@parrbrown.com | asavitt@paulweiss.com |
| | virobinson@paulweiss.com |

15

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, Walker Edison Holding Co., LLC, Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**SPERLING KENNY NACHWALTER**

/s/ Greg Shinall
Greg Shinall*
Matthew H. Rice*

321 North Clark Street, 25th Floor
Chicago, Illinois 60654
(312) 641-3200
shinall@sperlingkenny.com
mrice@sperlingkenny.com

*For defendants*: Adam Suttin, Phil Damiano, Kyle Casella, David Fiorentino, Ken Murphy, and Walker Edison Holding Co., LLC

*For defendants*: Prospect Hill Growth Fund II, L.P., Prospect Hill Growth Fund II Co-Invest, L.P., Prospect Hill Growth Partners, L.P., JWC-WE Holdco, LLC, and JWC-WE Holdings, L.P.

**PARKINSON BENSON POTTER LLP**

/s/ Brennan H. Moss
Brennan H. Moss

2750 Rasmussen Rd, Suite H-107
Park City, UT 84098
(801) 401-1608
brennan@pbplaw.com

*For defendants*: Brad Bonham, MB & BB Holdings, LLC, and Matt Davis

**Motions for Pro Hac Vice Forthcoming*.